UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

SRISDI KIDKARNDEE,

                             Plaintiff,

v.                                                   9:12-CV-0502
                                                          (GTS/CFH)

CARL J. KOENIGSMANN, Chief Med. Dir.,
DOCCS; M.D. PANG KOOI, Facility Health
Servs. Dir., Auburn Corr. Facility; and
NANCY RYERSON, Nurse Practitioner,
Auburn Corr. Facility,

                             Defendants.
_____

APPEARANCES:                                               OF COUNSEL:

SRISDI KIDKARNDEE, 05-A-3510
  Plaintiff, *Pro Se*
Auburn Correctional Facility
P.O. Box 618
Auburn, New York 13021

HON. ERIC T. SCHNEIDERMAN                    KEVIN B. HICKEY, ESQ.
Attorney General for the State of New York         Assistant Attorney General
  Counsel for Defendants
The Capitol
Albany, New York 12224

GLENN T. SUDDABY, United States District Judge

## **DECISION and ORDER**

      Currently before the Court, in this *pro se* prisoner civil rights action filed by Srisdi

Kidkarndee ("Plaintiff") against the three above-captioned New York State correctional

employees ("Defendants"), are (1) Defendants' motion for summary judgment, (2) United States

Magistrate Judge Christian F. Hummel's Report-Recommendation recommending that

Defendants' motion be granted, and (3) Plaintiff's Objections to the Report-Recommendation.

(Dkt. Nos. 32, 41, 44.) For the reasons set forth below, Magistrate Judge Hummel's Report-Recommendation is accepted, Defendants' motion is granted, and Plaintiff's Complaint is dismissed.

I. RELEVANT BACKGROUND

    A. Plaintiff's Complaint

Generally, construed with the utmost of special liberality, Plaintiff's Complaint asserts the following four claims against Defendants: (1) a claim that Defendants were deliberately indifferent to Plaintiff's serious medical needs in violation of the Eighth Amendment; (2) a claim that Defendants denied Plaintiff due process in violation of the Fourteenth Amendment; (3) a claim that Defendants infringed on Plaintiff's right of free speech and/or freedom of religion in violation of the First Amendment; and (4) a claim that Defendants denied Plaintiff access to counsel in violation of the Sixth Amendment. (*See generally* Dkt. No. 1.)

Because this Decision and Order is intended primarily for the review of the parties, the Court will not recite the factual allegations supporting these claims in Plaintiff's Complaint. Rather, the Court will merely note that, in its memorandum of law, Defendants have accurately summarized those factual allegations. (Dkt. No. 32, Attach. 3, at 3-5 [attaching pages "1" through "3" of Defs.' Memo. of Law].)

    B. Parties' Briefing on Defendants' Motion

Generally, in their memorandum of law in chief, Defendants assert the following two arguments: (1) based on the current record, Plaintiff cannot adduce admissible record evidence in support of either the objective prong or the subjective prong of his claim of deliberate indifference to a serious medical need under the Eighth Amendment; and (2) his remaining claims fail to allege facts plausibly suggesting, and/or are unsupported by admissible record

evidence establishing, a violation of the First, Sixth or Fourteenth Amendment, particularly due to the lack of injury, the lack of personal involvement, the lack of racial animus, and the fact that the claims were asserted not by Plaintiff but by the inmate who assisted Plaintiff in drafting his Complaint. (*See generally* Dkt. No. 32, Attach. 3.)

Generally, in his opposition memorandum of law, Plaintiff asserts the following two arguments: (1) based on the current record, there is (at least) a genuine dispute of material fact regarding whether Plaintiff possessed a serious medical need during the time in question, and whether Defendants acted with deliberate indifference to that serious medical need; and (2) the factual allegations of Plaintiff's Complaint, and the record evidence on Defendants' motion, should be viewed even more strongly than usual in favor of Plaintiff, given that he is proceeding *pro se*, he has a limited grasp of the English language, he made numerous requests for the appointment of counsel, and much of his own deposition is non-responsive and thus incomplete. (Dkt. No. 39.)

Generally, in their reply letter-brief, Defendants assert the following three arguments: (1) despite the fact that both Defendants and the Court served Plaintiff with a notice of the consequences of failing to properly respond to Defendants' motion, Plaintiff failed to file a Response to Defendants' Statement of Material Facts (or even an affidavit), effectively admitting all of the properly supported factual assertions contained in that Statement; (2) even setting aside these admissions, no admissible record evidence exists from which a rational fact finder could conclude that (a) Plaintiff suffered a heart attack in 2011 (as opposed to some less-severe condition), (b) Defendants acted with a sufficiently culpable mental state with regard to Plaintiff's health condition; and (3) at the very least, Plaintiff has conceded that summary judgment should be granted in favor of Defendant Koenigsman. (Dkt. No. 40.)

### C. Magistrate Judge Hummel's Report-Recommendation

Generally, in his Report-Recommendation, Magistrate Judge Hummel concluded that Plaintiff's Complaint should be dismissed in its entirety for each of the reasons stated by Defendants in their memoranda of law. (*See generally* Dkt. No. 41.) In so doing, Magistrate Judge Hummel rejected the arguments asserted by Plaintiff in his opposition memorandum of law. (*Id.*) For example, in response to Plaintiff's argument that many of his deposition responses were unresponsive, Magistrate Judge Hummel stated as follows:

> [Plaintiff] does not point to specific deposition statements that are unresponsive. Conversely, a review of the record shows that the interpreter provided coherent answers that are supported by other record evidence. Further, [Plaintiff] had ample opportunity during his deposition to object to the interpreter's competency and qualifications. Furthermore, [Plaintiff] acknowledged he was provided an opportunity to make corrections to the deposition transcript, yet he failed to take advantage of that opportunity. Despite [Plaintiff's] *pro se* status and limited English proficiency, [Plaintiff] could have employed 'Inmate O's' assistance to make such corrections, which he failed to do. Given the above, [Plaintiff's] objection to the deposition is without merit. *See Risch v. Hulihan*, No. 09-CV-330, 2010 WL 5463339, at *2-3 (N.D.N.Y. Dec. 29, 2010) (denying plaintiff's request to strike his deposition from the record based on similar reasoning).

(Dkt. No. 39, at 2-3, n.3.)

### D. Plaintiff's Objections

Generally, in his Objections, Plaintiff asserts the following six arguments: (1) Plaintiff is entitled to a *de novo* review of the entire Report-Recommendation because of his status as a *pro se* litigant, and because he "objects to the Magistrate's Report and Recommendation . . . in its entirety"; (2) Magistrate Judge Hummel erred by not striking Plaintiff's deposition transcript, as requested by Plaintiff, because "*none* of the questions regarding plaintiff's claims and or medical condition [was] answered with any specificity"; (3) Magistrate Judge Hummel erred by not

4

appointing Plaintiff counsel to assist him, and his interpreter, during the deposition; (4) Magistrate Judge Hummel erred by interpreting Plaintiff's 2011 Upstate Medical Center discharge summary as indicating that Plaintiff "had [suffered] two heart attacks in the past, the last one occurring four years prior"; (5) Magistrate Judge Hummel erred by failing to *sua sponte* review 134 pages of documents adduced by Plaintiff (without a Responsive Statement of Material Facts or even an affidavit) for evidence explaining *why* Plaintiff had three heart stents inserted (i.e., because Defendants' misdiagnosis and failure to treat caused Plaintiff's heart condition to worsen); and (6) Magistrate Judge Hummel erred by failing to recognize that factual issues exist regarding whether Defendants Kooi and Ryerson were personally involved in the constitutional violations asserted. (Dkt. No. 44.)

## II. GOVERNING LEGAL STANDARDS

### A. Standard Governing Review of a Report-Recommendation

When a *specific* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to a *de novo* review. Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C). To be "specific," the objection must, with particularity, "identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection." N.D.N.Y. L.R. 72.1(c).[1] When performing such a *de novo* review, "[t]he judge may . . . receive further

---

[1] *See also Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Although Mario filed objections to the magistrate's report and recommendation, the statement with respect to his Title VII claim was not specific enough to preserve this claim for review. The only reference made to the Title VII claim was one sentence on the last page of his objections, where he stated that it was error to deny his motion on the Title VII claim '[f]or the reasons set forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment.' This bare statement, devoid of any reference to specific findings or recommendations to which he objected and why, and unsupported by legal authority, was not sufficient to preserve the Title VII claim.").

5

evidence. . . ." 28 U.S.C. § 636(b)(1). However, a district court will ordinarily refuse to consider evidentiary material that could have been, but was not, presented to the magistrate judge in the first instance.[2] Similarly, a district court will ordinarily refuse to consider argument that could have been, but was not, presented to the magistrate judge in the first instance.[3]

When only a *general* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b)(2),(3); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition.[4] Similarly, when an objection merely reiterates the *same arguments* made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects

---

[2] *See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate"); *cf. U. S. v. Raddatz*, 447 U.S. 667, 676, n.3 (1980) ("We conclude that to construe § 636(b)(1) to require the district court to conduct a second hearing whenever either party objected to the magistrate's credibility findings would largely frustrate the plain objective of Congress to alleviate the increasing congestion of litigation in the district courts."); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition ("The term 'de novo' does not indicate that a secondary evidentiary hearing is required.").

[3] *See Zhao v. State Univ. of N.Y.*, 04-CV-0210, 2011 WL 3610717, at *1 (E.D.N.Y. Aug. 15, 2011) ("[I]t is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks and citation omitted); *Hubbard v. Kelley*, 752 F. Supp.2d 311, 312-13 (W.D.N.Y. 2009) ("In this circuit, it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks and citation omitted).

[4] *See also Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999).

that portion of the report-recommendation challenged by those arguments to only a *clear error* review.[5] Finally, when *no* objection is made to a portion of a report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition. When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id.*[6]

After conducing the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

**B. Standard Governing a Motion for Summary Judgment**

Under Fed. R. Civ. P. 56, summary judgment is warranted if "the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether a genuine issue of material fact exists, the Court must resolve all ambiguities and draw all reasonable inferences against the moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). In addition, "[the

---

[5] *See Mario*, 313 F.3d at 766 ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under either Fed. R. Civ. P. 72(b) or Local Civil Rule 72.3(a)(3)."); *Camardo v. Gen. Motors Hourly-Rate Emp. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (explaining that court need not consider objections that merely constitute a "rehashing" of the same arguments and positions taken in original papers submitted to the magistrate judge); *accord, Praileau v. Cnty. of Schenectady*, 09-CV-0924, 2010 WL 3761902, at *1, n.1 (N.D.N.Y. Sept. 20, 2010) (McAvoy, J.); *Hickman ex rel. M.A.H. v. Astrue*, 07-CV-1077, 2010 WL 2985968, at *3 & n.3 (N.D.N.Y. July 27, 2010) (Mordue, C.J.); *Almonte v. N.Y.S. Div. of Parole*, 04-CV-0484, 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006) (Sharpe, J.).

[6] *See also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks and citations omitted).

moving party] bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the . . . [record] which it believes demonstrate[s] the absence of any genuine issue of material fact." *Celotex v. Catrett*, 477 U.S. 317, 323-24 (1986). However, when the moving party has met this initial responsibility, the nonmoving party must come forward with specific facts showing a genuine issue of material fact for trial. Fed. R. Civ. P. 56(a),(c),(e).

A dispute of fact is "genuine" if "the [record] evidence is such that a reasonable jury could return a verdict for the novmoving party." *Anderson*, 477 U.S. at 248. As a result, "[c]onclusory allegations, conjecture and speculation . . . are insufficient to create a genuine issue of fact." *Kerzer v. Kingly Mfg.*, 156 F.3d 396, 400 (2d Cir. 1998) [citation omitted]. As the Supreme Court has famously explained, "[The nonmoving party] must do more than simply show that there is some metaphysical doubt as to the material facts" [citations omitted]. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 585-86 (1986).

As for the materiality requirement, a dispute of fact is "material" if it "might affect the outcome of the suit under the governing law." *Anderson*, 477 U.S. at 248. "Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* [citation omitted].

Implied in the above-stated burden-shifting standard is the fact that, where a nonmoving party willfully fails to adequately respond to a motion for summary judgment, a district court has no duty to perform an independent review of the record to find proof of a factual dispute–even if that nonmoving party is proceeding *pro se*.[7] (This is because the Court extends special solicitude to the *pro se* litigant largely by ensuring that he or she has received not ice of the consequences

---

[7] *Cusamano v. Sobek*, 604 F. Supp.2d 416, 426 & n.2 (N.D.N.Y. 209) (Suddaby, J.) (citing cases).

8

of failing to properly respond to the motion for summary judgment.)[8] As has often been recognized by both the Supreme Court and Second Circuit, even *pro se* litigants must obey a district court's procedural rules.[9] For this reason, this Court has often enforced Local Rule 7.1(a)(3) by deeming facts set forth in a moving party's statement to have been admitted where the nonmoving party has willfully failed to properly respond to that statement[10]–even where the nonmoving party was proceeding *pro se* in a civil rights case.[11]

### III. ANALYSIS

Even when construed with the utmost of special liberality, Plaintiff's Objections specifically challenge only five portions of Magistrate Judge Hummel's Report-Recommendation. *See, supra,* Part I.D. of this Decision and Order. As explained above in Part II.A. of this Decision and Order, each of those portions must be subjected to a *de novo* review. After carefully reviewing the relevant filings in this action, the Court can find no error in those portions of the Report-Recommendation: Magistrate Judge Hummel employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. (*See generally* Dkt. No. 41.) The Court rejects each of Plaintiff's specific objections as unsupported by the record, immaterial to the motion, and/or contrary to the law.

---

[8] *Cusamano*, 604 F. Supp.2d at 426 & n.3 (citing cases).

[9] *Cusamano*, 604 F. Supp.2d at 426-27 & n.4 (citing cases).

[10] Among other things, Local Rule 7.1(a)(3) requires that the nonmoving party file a response to the moving party's Statement of Material Facts, which admits or denies each of the moving party's factual assertions in matching numbered paragraphs, and supports any denials with a specific citation to the record where the factual issue arises. N.D.N.Y. L. R. 7.1(a)(3).

[11] *Cusamano*, 604 F. Supp.2d at 427 & n.6 (citing cases).

The remaining portions of Magistrate Judge Hummel's Report-Recommendation are entitled to only a clear-error review. *See, supra,* Part II.A. of this Decision and Order.[12] After carefully reviewing the relevant filings in this action, the Court can find no clear error in the remaining portions of the Report-Recommendation. (*Id.*)

As a result, the Court accepts and adopts the Report-Recommendation in its entirety for the reasons stated therein. (Dkt. No. 41.) The Court would add only three brief points.

First, to the extent Plaintiff's First, Sixth and Fourteenth Amendment claims are dismissed on the alternative ground that are unsupported by factual allegations plausibly suggesting a claim, such a dismissal is permissible under the circumstances. To the extent that an argument in a motion for summary judgment is based exclusively on the factual allegations of a complaint, a dismissal under Fed. R. Civ. P. 12(b)(6) is permissible. *Schwartz v. Compagnise General Transatlantique*, 405 F.2d 270, 273-74 (2d Cir. 1968) ("Where appropriate, a trial judge may dismiss for failure to state a cause of action upon motion for summary judgment.").[13] Moreover, it is not necessary to afford a *pro se* plaintiff an opportunity to amend his complaint before dismissal where the defects in his claims are substantive rather than merely formal, such that any amendment would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir.1993) (citations omitted); *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d

---

[12] The Court notes that Plaintiff's attempt to obtain a *de novo* review of the entire Report-Recommendation merely by relying on his *pro se* status and conclusorily objecting to the Magistrate's Report and Recommendation "in its entirety" is without avail. *See, supra,* Part II.A. of this Decision and Order.

[13] In such a circumstance, the Court need not give prior notice to the party whose pleading is being analyzed. See Katz v. Molic, 128 F.R.D. 35, 37-38 (S.D.N.Y. 1989) ("This Court finds that . . . a conversion [of a Rule 56 summary judgment motion to a Rule 12(b)(6) motion to dismiss the complaint] is proper with or without notice to the parties.").

Cir. 1991); *Health-Chem Corp. v. Baker*, 915 F.2d 805, 810 (2d Cir.1990); *Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *1 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.). Here, the Court finds that the defects in Plaintiff's First, Sixth and Fourteenth Amendment claims are substantive rather than merely formal. Finally, Plaintiff's First, Sixth and Fourteenth Amendment claims are dismissed primarily on a lack of supporting record evidence.

Second, each of the factual assertions contained in Defendants' Statement of Material Facts is supported by an accurate record citation. (Dkt. No. 32, Attach. 2.) Moreover, Plaintiff was provided with two notices of the consequences of failing to properly oppose Defendants' motion. (Dkt. No. 32, Attach. 1; Dkt. No. 34.) Indeed, he was given an extension of the deadline by which to file his papers in opposition to Defendants' motion. (Dkt. No. 37.) Despite these facts, Plaintiff failed to file a Response to Defendants' Statement of Material Facts. (*See generally* Dkt. No. 39.) As a result, the facts asserted in Defendants' Statement of Material Facts are deemed admitted. The Court notes that it has no duty to *sua sponte* sift through the record on a summary judgment motion in search of a factual dispute, even for a *pro se* litigant. *See, supra,* note 7 of this Decision and Order. Finally, such a *sua sponte* review would not save Plaintiff's Complaint from dismissal.

Third, the most prominent defect in Plaintiff's Eighth Amendment claim is the lack of admissible record evidence from which a rational fact finder could conclude that Defendants acted with a sufficiently culpable mental state in treating Plaintiff's heart condition in 2011 and 2012. Deliberate indifference describes a state of mind more blameworthy than negligence; deliberate indifference is a state of mind akin to *criminal recklessness*. *Cusamano v. Sobek*, 604 F. Supp.2d 416, 494 & nn.176, 177 (N.D.N.Y. 209) (Suddaby, J.) (citing cases). While Plaintiff might disagree with the medical care he was provided, such disagreement does not give rise to a claim under the Eighth Amendment. As the Second Circuit once observed,

> It must be remembered that the State is not constitutionally obligated, much as it may be desired by inmates, to construct a perfect plan for [medical] care that exceeds what the average reasonable person would expect or avail herself of in life outside the prison walls. [A] correctional facility is not a health spa, but a prison in which convicted felons are incarcerated. Common experience indicates that the great majority of prisoners would not in freedom or on parole enjoy the excellence in [medical] care which plaintiff[] understandably seeks . . . . We are governed by the principle that the objective is not to impose upon a state prison a model system of [medical] care beyond average needs but to provide the minimum level of [medical] care required by the Constitution. . . . The Constitution does not command that inmates be given the kind of medical attention that judges would wish to have for themselves . . . .

*Dean v. Coughlin*, 804 F.2d 207, 215 (2d Cir. 1986) [internal quotations and citations omitted].

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Hummel's Report-Recommendation (Dkt. No. 41) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Defendants' motion for summary judgment (Dkt. No. 32) is **GRANTED** in its entirety; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED**.

Dated: March 25, , 2014
      Syracuse, New York

*/s/ Glenn T. Suddaby*
Hon. Glenn T. Suddaby
U.S. District Judge